[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16142
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00245-WKW-CSC

KAYLA THOMAS,
JOAN RANEY,

Plaintiffs - Appellants,

versus

NANCY BUCKNER,
in her personal capacity and in her official
capacity as Commissioner of the Alabama
Department of Human Resources,
KIM MASHEGO,
in her personal capacity and in her official
capacity as Director of The Shelby County
Department of Human Resources,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 27, 2017)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Kayla Thomas and Joan Raney were notified by letter from The Shelby County Department of Human Resources that an investigation had been concluded and that as a result their names would be listed on a state registry as persons who committed child abuse.  They then filed a complaint under 42 U.S.C. § 1983 alleging various constitutional claims, as well as state law claims, against Kim Mashego, Director of The Shelby County Department of Human Resources, and Nancy Buckner, Commissioner of The Alabama Department of Human Resources. Thomas and Raney sought damages, injunctive relief, and declaratory relief. Before the case went to trial, the district court granted Defendants' Motion to Stay. The stay was granted because the Defendants offered Thomas and Rainey an administrative hearing to challenge their indication on the state registry as child abusers.  The administrative law judge (ALJ) sided with Thomas and Rainey, ruling that there was not sufficient evidence to support the indication on the registry.  After the administrative proceeding, the district court dismissed Thomas and Rainey's claims as moot.  They filed a motion for attorney's fees which the district court denied.  Thomas and Rainey appeal that denial.

Whether a party is a prevailing party for attorney's fees is a legal question that we review de novo.  *Church of Scientology Flag Serv., Org., Inc. v. City of*

2

*Clearwater*, 2 F.3d 1509, 1513 (11th Cir. 1993).  To be a prevailing party there needs to be a "judicially sanctioned change in the legal relationship of the parties." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840 (2001).  There needs to be a "judicial *imprimatur* on the change."  *Id.*, 121 S. Ct. at 1840.  Thomas and Rainey allege that the ALJ's decision provided the necessary judicial imprimatur.[1]  However, the ALJ's decision did not grant relief on their § 1983 claim; they obtained no judicially sanctioned change as to the claim.  Therefore, they are not prevailing parties under § 1983.

    **AFFIRMED.**

---

[1] Thomas and Rainey did not raise the argument in front of the district court that the Motion to Stay constituted the judicially sanctioned changed.  That argument is waived on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).